UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WHITE, #177157,

        Petitioner,                      Case No. 18-cv-12325
                                                          Hon. Matthew F. Leitman

v.

JACK KOWALSKI,

        Respondent.
_____/

**<u>ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1); (2) DENYING PETITIONER'S MOTION FOR ISSUANCE OF THE WRIT (ECF No. 28); (3) DENYING A CERTIFICATE OF APPEALABILITY; AND (4) GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

Petitioner Charles White is a state prisoner in the custody of the Michigan Department of Corrections. On July 24, 2018, White filed a petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) White has also filed a motion for issuance of the writ. (*See* Mot., ECF No. 28.)

The Court has carefully reviewed White's petition and motion and concludes that he is not entitled to relief. Therefore, for the reasons set forth below, the Court **DENIES** White's petition and motion. The Court also **DENIES** White a certificate of appealability. But it will **GRANT** White permission to proceed *in forma pauperis* on appeal.

1

**I**

In 1984, White was convicted of four counts of first-degree criminal sexual conduct ("CSC 1") pursuant to a plea in the Oakland County Circuit Court. The state trial court then sentenced him to concurrent terms of four to 40 years imprisonment on those convictions. In December 1989, White escaped from custody.[1] He was subsequently apprehended and pleaded guilty to prison escape in the Wayne County Circuit Court. In May 1990, that court sentenced him to one to five years imprisonment on the escape charge.[2] The record before the Court does not contain details of White's direct appeals of these convictions and sentences.

In or about 1999, White filed an initial motion for relief from judgment in the Wayne County Circuit Court concerning his prison escape sentence. That court denied the motion in 2000. *See People v. White*, Case No. 90-2252 (Wayne Co. Cir. Ct. Jan. 13, 2000) (ECF No. 26-4, PageID.524). There is no evidence in the record

---

[1] During this escape, White committed a kidnapping. He was charged with that crime in federal court, convicted, and sentenced to 121 months imprisonment and three years of supervised release in 1990. *See United States v. White*, Case No. 89-cr-80897 (E.D. Mich.) (Cohn, J.).

[2] It appears that White's sentence arising out his escape was amended to one year and one day, to be served consecutively to his other sentence. *See* White's Offender Profile, Michigan Department of Corrections Offender Tracking Information System, http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=177157. *See also* 6/29/18 Ltr. from Wayne Co. Cir. Ct. Chief Judge Columbo, ECF No. 1, PageID.16-18; Am. Judg., ECF 13-1, PageID.137.

that White appealed the denial of this motion in the Michigan Court of Appeals or Michigan Supreme Court.

In 2003, White filed a state habeas petition in the Manistee County Circuit Court. In that petition, White claimed that "he should be discharged from prison[] because his sentences from Oakland County were terminated and his sentence from Wayne County ha[d] already run." *White v. Gundy*, Case No. 03-11170-AH (Manistee Co. Cir. Ct. March 30, 2004) (ECF No. 1, PageID.13.) The Manistee County Circuit Court disagreed and denied the petition on March 30, 2004. (*See id.*) It concluded that White was not entitled to habeas relief because he was "being held pursuant to judgments of sentence of the circuit court which have not yet been terminated by the [Michigan Department of Corrections] nor completed by [White]." (*Id.*, PageID.15.) There is no evidence in the record that White appealed the denial of that petition in the Michigan Court of Appeals or Michigan Supreme Court.

In 2018, White filed his current habeas petition in this Court. (*See* Pet., ECF No. 1.) White's habeas claims do not allege any error in the proceedings during his trial or sentencing. Instead, all of White's claims relate to his contention that he has not received proper credit for time he has served at various facilities. These claims are as follows:

> I. Facility Warden cannot take action on credits (and time) for time spent in another jurisdiction. Only Deputy Director CFA can take any action.
>
> II. Classification Committee could not make any recommendation to Warden for time spent outside jurisdiction. Time of Nov. 09 - Oct. 17 is not open for any action by Committee members.
>
> III. Legal term in 90-002252-02-FH is 366 days. Petitioner has served term completely. For legal purposes issue is res judicata March 30, 2004 in 19th Jud. Cir. Ct. Judge Batzer #03-11170-AH AG No. 2003 015402A.[3]
>
> IV. CTCU must enter judgments and calculations under law. CTCU cannot arbitrarily act to violate court order(s) and Admin. Rules. CTCU has fabricated and altered both circuit court and MDOC generated documents.

(*Id.*) Respondent filed an answer to the petition and argued that the Court should dismiss it due to lack of exhaustion and/or for lack of merit. (*See* Answer, ECF No. 12.)

After Respondent filed his answer, and while White's federal habeas petition remained pending in this Court, White returned to the Wayne County Circuit Court and filed a second motion for relief from judgment. That motion appeared to be an

---

[3] White's claim that Judge Batzer's March 30, 2004, order denying White's state habeas petition establishes that White has completed his state term of imprisonment is puzzling. Indeed, as explained above, in that order, Judge Batzer concluded that White was properly "being held pursuant to judgments of sentence of the circuit court which have not yet been terminated by the [Michigan Department of Corrections] nor completed by [White]." *White v. Gundy*, Case No. 03-11170-AH (Manistee Co. Cir. Ct. March 30, 2004) (ECF No. 1, PageID.15).

attempt to exhaust the claims that White raised in this federal habeas action. Indeed, in that motion, White raised the same or similar claims as those presented here. (*See* St. Ct. Mot., ECF No. 26-5.) White did not inform this Court that he had returned to state court and filed that motion.

On January 6, 2020, this Court dismissed White's federal habeas petition without prejudice "because [White] ha[d] not fully exhausted his claims in the state courts." (Order, ECF No. 20, PageID.468.)

On October 5, 2020, the Wayne County Circuit Court dismissed White's second motion for relief from judgment. That court held that the motion was an improper successive motion for relief from judgment pursuant to Michigan Court Rule 6.502(G). *See People v. White*, Case No. 1990-002252-01-FH (Wayne Co. Cir. Ct. Oct. 5, 2020) (ECF No. 26-6). Michigan law precludes an appeal of such a decision, *see* Mich. Ct. Rule 6.502(G)(1), and White did not attempt to file an appeal.

White then returned to this Court and asked the Court to reinstate his federal habeas claims. (*See* Mot., ECF No. 22.) The Court granted that motion and reopened the case. (*See* Order, ECF No. 23.) Respondent has since filed a supplemental answer to White's habeas petition. (*See* Supp. Answer, ECF No. 25.) Respondent argues that the Court should deny White's petition because the claims are procedurally defaulted and lack merit. (*See id.*) White filed a reply to that answer, as well as a motion for issuance of the writ. (*See* ECF Nos. 27, 28.)

5

**III**

Respondent first argues that the Court should dismiss White's petition because White's claims are barred by procedural default. The Court agrees.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Bickham v. Winn*, 888 F.3d 248, 251 (6th Cir. 2018); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last explained state court ruling is used to make this determination. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

Here, the state trial court denied White's second motion for relief from judgment – the motion in which White raised the same or similar claims that he raised in his current habeas petition – based on a procedural bar. That court held that White had failed to comply with Michigan Court Rule 6.502(G), a rule that

precludes the filing of a successive motion for relief from judgment that is not based upon "a retroactive change in the law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion." Mich. Ct. Rule 6.502(G)(2). And the United States Court of Appeals for the Sixth Circuit has held that Michigan Court Rule 6.502(G) "acts as an adequate and independent state ground for denying review sufficient to procedurally default a claim." *Ingram v. Prelesnik*, 730 F. App'x 304, 311 (6th Cir. 2018). Thus, it is clear that White has procedurally defaulted his claims.[4]

A petitioner who fails to comply with a state's procedural rules is generally not entitled to federal habeas review unless the petitioner can show (1) cause for the non-compliance and actual prejudice resulting from the alleged constitutional violation or (2) a fundamental miscarriage of justice has occurred. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his or her ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must present a

---

[4] Based on the language White used in both his federal habeas petition and his state-court motion, it is difficult to tell whether White raised precisely the same claims in his state-court motion that he has raised here. To the extent that the claims are the same, White is not entitled to federal habeas relief because the claims are procedurally defaulted for the reasons explained above. To the extent that the claims are different, White has not exhausted his federal habeas claims, and he is not entitled to federal habeas relief on the claims for that reason.

substantial reason to excuse the default. *See Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

White has neither alleged nor established cause to excuse his procedural default. And where a petitioner fails to establish cause to excuse a procedural default, a federal habeas court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Finally, White has also failed to demonstrate that a fundamental miscarriage of justice occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Murray*, 477 U.S. at 479-80. To be credible, such a claim requires a petitioner to provide new, reliable evidence that was not presented at trial. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). White has made no such showing.

For all of these reasons, White's federal habeas claims are barred by procedural default. White is therefore not entitled to federal habeas relief.

# IV

Before White may appeal this decision, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A court may issue a certificate of appealability if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a court denies habeas relief on procedural grounds, it should issue a certificate of appealability only if jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). In this case, reasonable jurists could not debate the correctness of the Court's procedural ruling. And White has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court **DENIES** White a certificate of appealability.

Finally, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status if it finds that an appeal is being taken in good faith. *See id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). Here, an appeal could be taken in good faith.

Accordingly, the Court **GRANTS** White permission to proceed *in forma pauperis* on appeal.

V

For the reasons stated above, the Court (1) **DISMISSES** White's habeas petition (ECF No. 1), (2) **DENIES** White's motion for issuance of the writ (ECF No. 28), (2) **DENIES** White a certificate of appealability, and (4) **GRANTS** White permission to appeal *in forma pauperis*.

   **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 27, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9761